UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1487 CAS (VBKx) | Date | March 18, 2011 |
|---|---|---|---|
| Title | CARLOS A. PRECIADO ET AL. v. OCWEN LOAN SERVICING, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** **(In Chambers):**
**ORDER TO SHOW CAUSE FOR LACK OF SUBJECT MATTER JURISDICTION**

## I. INTRODUCTION

On January 14, 2011, plaintiffs filed an action in the Superior Court of Los Angeles County alleging various causes of action in connection with a foreclosure on their property. On February 17, 2011, defendants removed this action to federal court on the basis of federal question jurisdiction under 28 U.S.C. § 1331.

## II. LEGAL STANDARD

Civil actions brought in a state court generally may be removed to a federal district court when the district court has original jurisdiction that arises under the laws of the United States. 28 U.S.C. § 1441(b). If a defendant seeks to remove the case on federal question grounds, jurisdiction must be determined from the face of the well-pleaded complaint, unaided by the answer or by the petition for removal. California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004). Responsive pleadings such as a counterclaim, cross-claim, or third party claim may not form the basis of jurisdiction. See Redevelopment Agency of City of San Bernardino v. Alvarez, 288 F. Supp. 2d 1112, 1115 (C.D. Cal. 2003) (citing Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 327 (5th Cir. 1998)).

## III. DISCUSSION

Defendants assert federal question on the basis of a federal issue arising under the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1487 CAS (VBKx) | Date | March 18, 2011 |
|---|---|---|---|
| Title | CARLOS A. PRECIADO ET AL. v. OCWEN LOAN SERVICING, ET AL. | | |

Home Affordable Modification Program ("HAMP") and violations of the Fair Debt Collections Practices Act ("FDCPA"). Defendants allege that plaintiffs' second and third causes of action require the interpretation and enforcement of a HAMP contract between the defendant loan servicers and United States (the "HAMP contract"). Defendants further allege that plaintiffs' fifth cause of action specifically alleges violations of the FDCPA, 15 U.S.C. § 1692, et seq.

Plaintiffs' second and third causes of action assert breach of contract and breach of the covenant of good faith and fair dealing with respect to the HAMP contract. Compl. ¶ 95. Plaintiffs assert they are intended third-party beneficiaries under the HAMP contract. Compl. at ¶ 89. However, "it is well established that there is no private right of action under HAMP." Singh v. Wells Fargo Bank, 2011 WL 66167, *7 (E.D. Cal. January 7, 2011); see also Carlos v. Bank of Am. Home Loans, 2011 WL 166343, *1 (C.D. Cal. January 13, 2011). Moreover, for federal jurisdiction to attach to plaintiffs' claims the Court must determine that the "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a forum may entertain without disturbing any congressionally approved balance of federal and state responsibilities." Grable & Sons Metal Prods., Inc., v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). It appears Congress did not provide for a private right of action under HAMP. As such, "the presence of the federal issue as an element of the state tort is not the kind of adjudication for which jurisdiction would serve congressional purposes and the federal system." Merrell Dow Pharms., Inc. v. Thompson, 478 U.S. 804, 814 (1986). Therefore, it appears that to the extent plaintiffs' claims raise federal issues, those issues are not substantial enough to support the exercise of federal jurisdiction. See Carlos, 2011 WL 166343, at *1.

Plantiffs' fifth cause of action alleges defendants violated the California's Rosenthal Fair Debt Collections Practices Act ("RFDCPA"), California Civil Code § 1788.17. Compl. at ¶ 117. Section 1788.17 provides that "every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code." CAL. CIV. CODE § 1788.17. Plaintiffs' complaint alleges defendant violated Cal Civ. Code § 1788.17 by violating several sections of the FDCPA. Compl. at 21. However, "relevant authority provides that federal question jurisdiction cannot be premised on that basis." Wright v. Saxon Mortg. Servs., 2011 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1487 CAS (VBKx) | Date | March 18, 2011 |
|---|---|---|---|
| Title | CARLOS A. PRECIADO ET AL. v. OCWEN LOAN SERVICING, ET AL. | | |

500798, *3 (N.D. Cal. Feb. 9, 2011) (citing Ortega v. HomEq Servicing, 2010 WL 383368, at *5 (C.D. Cal. Jan. 25, 2010) (stating that "[a]lthough [plaintiff's] RFDCPA claim references federal statutes that are part of the FDCPA, such references are inevitable as the California legislature incorporated portions of the FDCPA into its law," and "[s]ince the provisions are incorporated in and made part of state law, referencing the federal statute does not automatically transform [plaintiff's] RFDCPA claim into a federal claim"); Cable v. Protection One, Inc., 2009 WL 2970111, at * 1 (C.D. Cal. Sept. 9, 2009) ("To whatever extent the RFDCPA imports elements of the FDCPA, it remains a state claim, and does not invoke federal question jurisdiction.")); and Britz v. Cowan, 192 F.3d 1101, 1103 (7th Cir.1999)  ("[A] state cannot expand federal jurisdiction by deciding to copy a federal law.")).  It therefore appears federal question jurisdiction is improper.

## IV. CONCLUSION

Based on the foregoing, defendant is hereby ORDERED to SHOW CAUSE on or before April 7, 2011, why the instant action should not be remanded for lack of subject matter jurisdiction.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | vdr | | |